UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMANUEL RODRIGUEZ ANDRADE, <br> Plaintiff, <br> v. <br> C.D.C.R, <br> Defendant. | Case No. 24-cv-07434-HSG <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Salinas Valley State Prison, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. Now before the Court for review pursuant to 28 U.S.C. § 1915A is Plaintiff's complaint, Dkt. No. 7. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

3  the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

4  A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

5  cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

6  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a

7  right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

8  violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487

9  U.S. 42, 48 (1988).

### B.  Dismissal with Leave to Amend

The complaint names as defendants "C.D.C.R California Department of Corrections and staff responsible for damages." Dkt. No. 7 at 1. The complaint alleges the following. There were shattered glass fragments in the Ad-Seg shower. Plaintiff complained about this multiple times, but Defendants negligently failed to fix the shower window or clean up the glass. As a result, Plaintiff's eye was permanently damaged. The CDCR failed to adhere to the health and safety code. The complaint seeks $150,000 in damages as relief. *See generally* Dkt. No. 7.

The complaint incorporates by reference Plaintiff's "maritime claim," which appears to be Dkt. No. 1. The Court will not piece together a complaint from various pleadings. The operative complaint is the pleading docketed at Dkt. No. 7, and the Court does not consider Dkt. No. 1 as part of Dkt. No. 7. In addition, Plaintiff incorrectly characterizes his filing as a maritime claim. Plaintiff's claim does not fall within the admiralty jurisdiction of the federal courts because the relevant event did not happen on navigable waters and did not involve traditional maritime activity. *Exec. Jet Aviation, Inc. v. City of Cleveland, Ohio*, 409 U.S. 249, 261 (1972).

The failure to address unsafe prison conditions, such as shattered glass in a shower door, states a claim for violation of the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison official liable under Eighth Amendment for denying inmate humane conditions of confinement if official knows of and disregards excessive risk to inmate health or safety). However, the complaint will be dismissed with leave to amend because the claims against the

CDCR are barred by the Eleventh Amendment and because, outside of the CDCR, the complaint has only named Doe defendants.

The Court DISMISSES defendant California Department of Corrections and Rehabilitation from this action with prejudice because the CDCR, as a state agency, has Eleventh Amendment immunity from Plaintiff's claims. The Eleventh Amendment bars from the federal courts suits against a state by its own citizens, citizens of another state or citizens or subjects of any foreign state. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 237-38 (1985). With a few exceptions inapplicable here, a state cannot be sued regardless of the relief sought. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978)); *Confederated Tribes & Bands v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999). This Eleventh Amendment immunity extends to suits against a state agency, including the CDCR. *Brown v. Cal. Dep't of Corrs.*, 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections entitled to Eleventh Amendment immunity).

The Court DISSMISES the Doe defendants from this action without prejudice to Plaintiff filing an amended complaint naming the relevant individuals. The complaint sues "staff responsible for damages," Dkt. No. 7 at 1, in essence suing Doe defendants. The use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part because it is effectively impossible for the United States Marshal to serve an anonymous defendant. In preparing an amended complaint, Plaintiff should identify by name the individuals whom he informed of the shattered glass and who failed to address the safety issue.

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. 24-07434 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely

1  replaces the previous complaints. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2010).
2  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present
3  and all of the defendants he wishes to sue, and may not incorporate material from the prior
4  complaint by reference. Failure to file an amended complaint in accordance with this order in the
5  time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk
6  shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: 1/27/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge